UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/09
```

------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

    - against -

EDWARD T. STEIN,

             Defendant,

    - and -

DISP, LLC,
EDWARD T. STEIN ASSOCIATES, LTD.,
G&C PARTNERSHIP JOINT VENTURE,
GEMINI FUND I, L.P.,
PRIMA CAPITAL MANAGEMENT, LLC,
VIBRANT CAPITAL CORP., and
VIBRANT CAPITAL FUNDING I LLC,

             Relief Defendants.

09 Civ. 3125 (GEL)

ECF CASE

------------------------------------------------------------

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER RELIEF ON CONSENT

On the Application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order to Show Cause, Temporary Restraining Order, Preliminary Injunction and Order Freezing Assets and Granting Other Relief, and the Court having held a hearing on April 1, 2009, and Defendant having appeared through counsel and consented to entry of a Preliminary Injunction Order on Consent without the reasons for the issuance of the preliminary injunction being stated herein as required by Fed. R. Civ. P. 65(d),

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

2

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by the use of any means or instrumentality of interstate commerce, or of the mails:

(a) employing any device, scheme, or artifice to defraud any client or prospective client; or

(b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client; or

(c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Sections 206(1), 206(2) and 206(4) of the Advisers Act, and Rule 206(4)-8 thereunder.

## IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant and Relief Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, business interests or other property of any kind whatsoever) of, held by, or under the control of the Defendant or Relief Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 25783861 | Citibank, N.A. | Edward T Stein |
| 543102211 | HSBC Bank USA, N.A. | Vibrant Capital Corporation |
| 543207773 | HSBC Bank USA, N.A. | Vibrant Capital Funding I LLC |
| 7928481956 | TD Bank | G&C Partnership Joint Venture |
| 4441495101 | Washington Mutual Bank, F.A. | DISP LLC |
| 9362343976 | Washington Mutual Bank, F.A. | Prima Capital Management Corp |
| 9362343968 | Washington Mutual Bank, F.A. | Gemini I Ltd Partnership |
| 1800151259 | Washington Mutual Bank, F.A. | Edward T Stein |
| 9362328829 | Washington Mutual Bank, F.A. | Edward T Stein Associates Ltd |
| 1881840087 | Washington Mutual Bank, F.A. | Vibrant Capital Corporation |

4

, provided, however, that Defendant's residence located at 170 E. End Avenue, Apt. 2B, New York, NY 10128, shall be excluded from the freeze imposed by this order for so long as, and to the extent that, it is pledged by Defendant as collateral for a bail bond in connection with the criminal proceeding against him now pending in the Eastern District of New York.

V.

**IT IS FURTHER ORDERED** that, except as set forth in Paragraph IV herein, pending a final disposition of this action, Defendant, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, are restrained and enjoined from taking any action to transfer, pledge, seize, sell, foreclose, encumber, assign, dissipate, conceal or otherwise taking any action whatsoever that would impact or impair the value of any real property held in Stein's name, for his benefit, or in which he owns an interest.

VI.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant and Relief Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and anyone acting in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, are temporarily restrained and enjoined from filing for bankruptcy protection for the Defendant or any of the Relief Defendants and their respective assets without 3 days notice to the Plaintiff and approval by this Court.

## VII.

**IT IS FURTHER ORDERED** that, Defendant and Relief Defendants shall file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by each of the Defendant and Relief Defendants under penalty of perjury, of all life insurance policies owned by Relief Defendants, whether wholly owned by any of them or jointly owned with third parties or as part of a joint venture, and a schedule for each such policy indicating the face amount of the policy, the issuer of the policy, the policy number, amount of premiums due under such policies and the dates on which such premiums are payable.

## VIII.

**IT IS FURTHER ORDERED** that, Defendant and Relief Defendants shall file with this Court and serve upon Plaintiff Commission, within sixty (60) days, or within such extension of time as the Commission agrees to, a verified written accounting signed by each of the Defendant and Relief Defendants under penalty of perjury, of:

(1) All assets, liabilities and property currently held directly or indirectly by or for the benefit of such Defendant or Relief Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets, and other income received by such Defendant or Relief Defendants, or for his or its direct or indirect benefit, in or at any time from

August 13, 1992 to the date of the accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) All assets, funds, securities, real or personal property of clients of such Defendant or Relief Defendants transferred to or for the benefit of such Defendant or Relief Defendants in or at any time from August 13, 1992 to the date of the accounting, and the disposition by such Defendant or Relief Defendants of such assets, funds, securities, real or personal property;

(4) All money, property, assets and other income transferred from such Defendant or Relief Defendants, including transfers to any bank account, brokerage account or other account, or to any individual, or entity, in or at any time from August 13, 1992 to the date of the accounting; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets, funds or property of such Defendant or Relief Defendants.

## IX.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendant and Relief Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the Commission's access to any and all documents, books, and records that are in the possession, custody or control of the Defendant or the Relief Defendants, their respective officers, agents, servants, employees, or attorneys, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records

7

referring, reflecting or relating to the Defendant's or the Relief Defendants' finances or business operations or the offer, purchase or sale of Gemini Fund I, L.P. or DISP, LLC or any other Relief Defendant's securities and the use of proceeds therefrom.

X.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

(1) Take depositions, subject to three (3) days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) days from service by facsimile or otherwise of a request or subpoena, from the Defendant or Relief Defendants, or any other persons or entities, including non-party witnesses;

(3) Obtain other discovery from the Defendant and Relief Defendants, including interrogatories and requests for admissions, within three (3) days from the date of service by facsimile or otherwise of such other discovery requests, interrogatories, or requests for admissions; and

(4) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail.

XI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendant and Relief Defendants, or their attorney

who agrees to accept service on his or its behalf, on or before  APRIL 3, 2009  ,
2009, by personal delivery, facsimile, overnight courier, or first-class mail.

## XII.

**IT IS FURTHER ORDERED** that Defendant may move the Court for an Order granting limited relief from the asset freeze imposed herein for the purpose paying Defendant's attorneys fees and living expenses. If Defendant moves for such relief, the Court will hear argument from the parties on Defendant's motion on April 10, 2009 at 12:30 p.m.

## XIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendant and each of the Relief Defendants, and each of their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at :   6:45 p.m.
              APRIL 1, 2009
              New York, New York