UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

            - against -

EDWARD T. STEIN,

                                      Defendant,

            - and-

DISP, LLC,
EDWARD T. STEIN ASSOCIATES, LTD.,
G&C PARTNERSHIP JOINT VENTURE,
GEMINI FUND I, L.P.,
PRIMA CAPITAL MANAGEMENT, LLC,
VIBRANT CAPITAL CORP., and
VIBRANT CAPITAL FUNDING I LLC,

                              Relief Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/09

09 Civ. 3125 (GEL)

ECF CASE

## [PROPOSED] ORDER APPOINTING RECEIVER

On the Application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order to appoint a receiver for the assets of Defendant Edward T. Stein and Relief Defendants Edward T. Stein Associates, Ltd. ("ETSA"); Gemini Fund I, L.P. ("Gemini"); Prima Capital Management, LLC ("Prima"), Vibrant Capital Corp. ("Vibrant"); and Vibrant Capital Funding I LLC ("Vibrant Funding") (collectively "Relief Defendants"), after hearing the arguments of the parties at a hearing held on April 10, 2009, and in consideration of all prior proceedings held herein,

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that ___H. Thomas Moran, II___ is hereby appointed as receiver for the Defendant's and the Relief Defendants' assets, to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds among the Defendant and the Relief Defendants; (iii) ascertain the true financial condition of the Defendant and the Relief Defendants and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the Defendant and the Relief Defendants; (v) prevent the encumbrance or disposal of property or assets of the Defendant and the Relief Defendants and the investors; (vi) preserve the books, records and documents of the Defendant and the Relief Defendants; (vii) be available to respond to investor inquiries; (viii) protect the assets of the Defendant and the Relief Defendants from further dissipation; (ix) determine whether the Relief Defendants should undertake bankruptcy filings; and (x) determine the extent to which the freeze should be lifted as to certain assets in the custody of the Defendant and the Relief Defendants.

### II.

**IT IS FURTHER ORDERED** that the receiver is empowered to:

(a) Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of the Defendant and the Relief Defendants;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of the Defendant or of the Relief Defendants;

(c) Pay from available funds necessary business expenses required to preserve the assets and property of the Defendant and the Relief Defendants, including the books, records, and documents of the Defendant and the Relief Defendants, notwithstanding the asset freeze imposed by the Court's Preliminary Injunction Order on Consent, dated April 1, 2009;

(d) Locate assets that may have been conveyed to third parties or otherwise concealed;

(e) Ascertain the disposition and use of funds obtained by the Defendant and the Relief Defendants from the sale of securities by the Defendant and the Relief Defendants;

(f) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g) Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

1. All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of the Defendant and the Relief Defendants, including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

       2.     A list of secured creditors and other financial institutions with an interest in the receivership assets; and

       3.     To the extent practicable, a list of investors in the securities sold by the Defendant and the Relief Defendants;

(h) Develop a preliminary plan for the administration of the assets of the receivership, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership; and

(i) Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the receiver.

### III.

**IT IS FURTHER ORDERED** that all applications for costs, fees and expenses of the receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses and shall conform to the Fee Guidelines that will be supplied by the Commission.

### IV.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against the Defendant or any Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order.

V.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendant and each of the Relief Defendants, and each of their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

Dated: __April 14__, 2009

_____
UNITED STATES DISTRICT JUDGE