UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | USDC SDNY |
| Plaintiff, ) | DOCUMENT |
| ) | ELECTRONICALLY FILED |
| -against- ) | DOC #: _____ |
| ) | DATE FILED: 10/27/09 |
| EDWARD T. STEIN, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| -and- ) | 1:09-cv-03125-DLC |
| ) | |
| DISP, LLC, ) | |
| EDWARD T. STEIN ASSOCIATES, LTD., ) | |
| G&C PARTNERSHIP JOINT VENTURE, ) | |
| GEMINI FUND I, L.P., ) | |
| PRIMA CAPITAL MANAGEMENT, LLC, ) | |
| VIBRANT CAPITAL CORP., and ) | |
| VIBRANT CAPITAL FUNDING I LLC, ) | |
| ) | |
| Relief Defendants. ) | |
| ) | |

## ORDER CONFIRMING SALE OF CONDOMINIUM

The RECEIVER'S MOTION FOR AN ORDER CONFIRMING SALE OF CONDOMINIUM AND MEMORANDUM IN SUPPORT (the "Sale Motion") is now before the Court. Doc. No. 78. H. Thomas Moran, II, as receiver (the "Receiver") for the property and assets of the Defendant and Relief Defendants (the "Estate") has negotiated a Contract of Sale with 170 East End Avenue LLC ("Buyer") for the sale of Unit 2B of the 170 East End Avenue Condominium located in Manhattan ("Stein's Condo"), a copy of which is attached as

Exhibit 1 to the Sale Motion (the "Sale").[1]  With the Sale Motion, the Receiver seeks an Order from the Court, pursuant to 28 U.S.C. § 2001(b), that:

(a) finds that the sale of Stein's Condo according to the terms of Contract of Sale attached to the Sale Motion as Exhibit 1 is in the best interests of the Estate;

(b) confirms the sale of Stein's Condo according to the terms of the Contract of Sale attached to the Sale Motion as Exhibit 1;

(c) authorizes the Receiver, without the need for further Court approval, to consent to any modifications, amendments or supplementations to the Contract of Sale that have no material adverse effect on the Estate;

(d) authorizes and directs the disbursement of sale proceeds sufficient to pay all amounts due under the terms of the Wells Fargo Mortgages;

(e) authorizes and directs the disbursement of sale proceeds sufficient to pay all amounts due under the terms of the Bank 7 Mortgage and the Credit Facility;

(f) authorizes and directs the disbursement of sale proceeds for the payment of all other expenses, fees and charges shown on the Preliminary Closing Statement attached to the Sale Motion as Exhibit 2;

---

[1] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Contract of Sale or the Sale Motion, and to the extent of any inconsistency, the Contract of Sale shall govern.

(g) authorizes fee simple title to Stein's Condo to be conveyed to Buyer, free and clear of any charges, liens or encumbrances, except as specifically provided for in the Contract of Sale.

After due deliberation, it appears that the relief requested in the Sale Motion is in the best interests of the Estate. Consequently, the Sale Motion is hereby granted, and

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. This Court has jurisdiction over the subject matter of the Sale Motion.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a)(1). The Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

### Sound Business Purpose

C. The Receiver seeks to sell Stein's Condo as described in the Contract of Sale. The Receiver has demonstrated both (i) good, sufficient and sound business purpose and justification for the Sale and (ii) compelling circumstances for the Sale as the value of Stein's Condo to the Estate could be harmed by any delay of the Sale. Time is of the essence in consummating the Sale.

### The Receiver's Marketing and Sales Efforts

D. The Court finds that (1) the Receiver has adequately marketed Stein's Condo; (2) the purchase price and other consideration contained in the Contract of Sale provides fair and reasonable consideration for Stein's Condo; (3) the Sale will provide a greater recovery for the receivership's investors and creditors than would be provided by

any other practical available alternative; (4) no other party has offered to purchase Stein's Condo for greater economic value to the Estate; and (5) the purchase price and other consideration constitutes fair consideration under the laws of the United States, any state, territory, possession or the District of Columbia.

### Required Appraisals

E.   The Receiver has obtained appraisals from three disinterested appraisers appointed by the Court. The appraisals have been reviewed by the Court and establish that the purchase price provided for in the Contract of Sale exceeds two-thirds of the appraised value as required by 28 U.S.C. § 2001(b).

### Sale Is In The Best Interest of The Estate

F.   Approval of the Contract of Sale and the consummation of the Sale at this time are in the best interests of the investors, the creditors and the Estate.

### Good Faith

G.   The Contract of Sale and the transaction contemplated therein was negotiated, proposed and entered into by the Receiver and Buyer in good faith and from arms-length bargaining positions. Buyer is a good faith purchaser. The Receiver and Buyer have entered into the Contract of Sale without collusion and no party has engaged in any conduct that would cause or permit the Contract of Sale to be avoided.

### Notice of the Sale

H.   The Court finds that (i) proper, timely, adequate and sufficient notice of the Sale Motion has been provided by the Receiver; (ii) such notice was good and sufficient,

and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion or the proposed Sale is or shall be required.

I. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein and granted herein has been afforded to all interested persons and entities, including, but not limited to:

(i) the S.E.C.;

(ii) the Defendant;

(iii) the Relief Defendants;

(iv) all known investors of the Defendant or in the Relief Defendants;

(v) all known creditors of the Estate; and

(vi) all persons or entities known or reasonably believed to have asserted a lien on Stein's Condo.

J. Additionally, the Receiver published the Court-approved Notice of Private Sale in *The New York Times* as required by 28 U.S.C. § 2001(b). With regard to parties who have claims against the Estate, but whose identities are not reasonably ascertainable by the Receiver, the Court finds that such publication notice is sufficient and reasonably calculated under the circumstances to reach such parties.

K. The disclosures made by the Receiver concerning the Contract of Sale and the Sale have been complete and adequate.

### Sale Free and Clear of Liens

L. The Receiver may sell Stein's Condo to Buyer free and clear of all liens, claims, encumbrances and other interests ("Liens"). Those holders of Liens who did not

object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to the Sale and are adequately protected because their Liens, if any, will attach to the proceeds of the Sale in the same order of priority and with the same validity, force and effect, that such creditor had prior to the Sale, subject to any claims or defenses of the Receiver.

M. Buyer is entitled to know that Stein's Condo is not infected with any latent claims that can be asserted against Buyer after the proposed transaction is completed. If the Sale to Buyer was not free and clear of all Liens or if Buyer would, or in the future could, be liable for any such Liens, then Buyer would not have entered into the Contract of Sale and would not consummate the transactions contemplated thereby, thus adversely affecting the Estate, its investors and creditors.

### Stein's Condo To Be Sold Free and Clear of Successor Liability

N. Buyer is not liable for any of the Estate's liabilities, claims, rights, right of rescission, or causes of action as a successor to Stein's Condo, except as may be provided for under the Contract of Sale. Thus, Buyer is not liable as a successor, under any theory of successor liability, for claims that encumber or relate to Stein's Condo.

### Validity of The Transfer

O. As of the Closing Date, the transfer of Stein's Condo to Buyer will be a legal, valid and effective transfer of Stein's Condo, and will vest Buyer with all right, title and interest of the Receiver in and to Stein's Condo, free and clear of (i) all Liens and (ii) all debts arising under or out of, in connection with, or in any way relating to, any acts of the Defendant or the Relief Defendants, claims, rights or causes of action (whether

in law or equity, including but not limited to, any rights or causes of action based on theories of transferee or successor liability under any law, statute, rule or regulation or the United States, any state, territory or possession thereof), obligations, demands, guarantees, rights, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise.

P.  The Receiver (i) has full power and authority to execute the Contract of Sale and any other documents contemplated thereby, (ii) has all power and authority necessary to consummate the transactions contemplated by the Contract of Sale, (iii) has taken all actions necessary to authorize and approve the Contract of Sale and the consummation by the Receiver of the transactions contemplated thereby and (iv) no consents or approvals, other than those expressly provided for in the Contract of Sale, are required by the Receiver to consummate such transactions.

### Waiver of Stay

Q.  The 10-day stay of effectiveness of this Sale Order pursuant to Fed. R. Civ. P. 62(a) is waived. Due to the potential harm to the Estate and to the value of Stein's Condo as long as it remains part of the Estate, it is essential that the Sale of the Stein's Condo occur within the time constraints set forth in the Contract of Sale. Time is, therefore, of the essence in consummating the Sale.

### Additional Findings

R.  The consummation of the Sale is legal, valid and properly authorized.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1.  The relief requested in the Sale Motion is granted and approved in full, and the Sale is approved as set forth in this Order.

2.  All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled are hereby overruled on the merits, except as expressly provided herein.

### Approval of the Contract of Sale

3.  The Contract of Sale and all ancillary documents, all transactions contemplated therein and all of the terms and conditions thereof, are hereby approved.

4.  The Receiver is authorized and empowered to take any and all actions necessary or appropriate to (i) perform the obligations under and comply with the terms of the Contract of Sale and consummate the Sale of Stein's Condo to Buyer pursuant to and in accordance with the terms and conditions of the Contract of Sale and this Order: (ii) close the Sale as contemplated in the Contract of Sale and this Order; and (iii) execute and deliver, perform under, consummate and implement the Contract of Sale together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract of Sale and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Contract of Sale, and such other ancillary documents, without further order of this Court.

5. The Court authorizes and directs the disbursement of sale proceeds sufficient to pay all amounts due under the terms of the mortgages on Stein's Condo held by Wells Fargo Bank, N.A., as described in the Sale Motion.

6. The Court authorizes and directs the disbursement of sale proceeds sufficient to pay all amounts due under the terms of the mortgage on Stein's Condo held by Bank 7 and the Credit Facility, as described in the Sale Motion.

7. The terms and provisions of this Order and the Contract of Sale shall be binding in all respects upon the Receiver, the Estate, all creditors of, and holders of equity interests in, the Estate (whether known or unknown), any holders of Liens against or on all or any portion of Stein's Condo, Buyer and all successors and assigns of Buyer. This Order and the Contract of Sale shall inure to the benefit of the Receiver, the Estate, its creditors, Buyer, all interested parties and their respective successors and assigns.

### Transfer of Stein's Condo

8. The Receiver is authorized to transfer Stein's Condo in accordance with the terms of the Contract of Sale on the Closing Date. Stein's Condo shall be transferred to Buyer upon consummation of the Contract of Sale as of the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of Stein's Condo and, upon the Receiver's receipt of the purchase price under the Contract of Sale, shall be free and clear of all Liens.

9. Except as expressly permitted or otherwise specifically provided by the Contract of Sale or this Order, all persons and entities holding liens or interests in Stein's Condo arising under or out of, in connection with, or in any way relating to the

receivership, Stein's Condo, the operation of the Defendant's or the Relief Defendants' business prior to the Closing Date or the transfer of Stein's Condo to Buyer, are hereby forever barred, estopped and permanently enjoined from asserting against Buyer or its successors or assigns, their property or Stein's Condo, such persons' or entities' liens or interests in and to Stein's Condo. On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release liens on Stein's Condo, if any, as provided for herein, as such liens may have been recorded or may otherwise exist.

10. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Receiver to sell and transfer Stein's Condo to Buyer in accordance with the terms of the Contract of Sale and this Order.

11. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the liens and other encumbrances of record.

12. If any person or entity which has filed statements or other documents or agreements evidencing liens on, or interests in, Stein's Condo shall not have delivered to the Receiver prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and liens which the person or entity has or may assert with respect to all or any portion of Stein's Condo, the Receiver is hereby authorized and directed, and Buyer is hereby

authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to Stein's Condo.

13. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract of Sale.

### Other Provisions

14. Effective upon the Closing Date all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against Buyer, its successors and assigns, or Stein's Condo, with respect to any (a) Lien arising under, out of, in connection with or in any way relating to the Receiver, Buyer or Stein's Condo prior to the Closing of the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against Buyer, its successors, assets or properties; (ii) enforcing, attaching, collecting or recovering in

any manner any judgment, award, decree or order against Buyer, its successors, assets or properties; (iii) creating, perfecting or enforcing any lien or other encumbrance against Buyer, its successors, assets or properties; (iv) asserting any setoff, right of rescission, right of subrogation, recoupment or any cause of action of any kind against any obligation arising from Stein's Condo or otherwise due Buyer or its successors; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

15.  Except as otherwise expressly provided for in this Order or the Contract of Sale, Buyer shall not have any liability or other obligation to the Receiver arising under or related to Stein's Condo. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Contract of Sale, Buyer shall not be liable for any liens against the Receiver or any of his predecessors or affiliates, and Buyer shall not have any successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Receiver or any obligations of the Receiver arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to Stein's Condo prior to the Closing. Buyer has given substantial consideration under the Contract of Sale for the benefit of the holders of Liens. The consideration given by Buyer shall constitute valid

and valuable consideration for the releases of any potential claims of successor liability of Buyer, which releases shall be deemed to have been given in favor of Buyer by all holders of Liens against the Receiver or Stein's Condo.

16. The transactions contemplated by the Contract of Sale are undertaken by Buyer without collusion and in good faith, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal.

17. The consideration provided by Buyer for Stein's Condo is fair and reasonable.

18. Pursuant to Fed. R. Civ. P. 62(a), this Order shall not be stayed for 10 days and shall be effective immediately upon entry and the Receiver and Buyer are authorized to close the Sale immediately upon entry of this Order.

19. The failure specifically to include any particular provision of the Contract of Sale in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract of Sale be authorized and approved in its entirety.

20. The Contract of Sale and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

21. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Contract of Sale, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Receiver is a party or which has been assigned by the Receiver to Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, this Order or the Contract of Sale and each of the agreements executed in connection therewith.

22. Any requirement that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Sale Motion or otherwise waived.

23. To the extent there are any inconsistencies between the terms of this Order and the Contract of Sale or any related agreements, documents or other instruments, the terms of this Order shall control.

24. Each and every federal, state and local government agency, department or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract of Sale.

25. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of this Order shall govern.

DATED: _October 27_, 2009

_____
DENISE L. COTE
UNITED STATES DISTRICT JUDGE

00420709.DOC