UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NO. 09-CV-3125-DLC |
| EDWARD T. STEIN, | : |
| Defendant, | : |
| - and - | : |
| DISP, LLC, EDWARD T. STEIN ASSOCIATES, LTD., G&C PARTNERSHIP JOINT VENTURE, GEMINI FUND, L.P., PRIMA CAPITAL MANAGEMENT, LLC, VIRBRANT CAPITAL CORP., and VIRBRANT CAPITAL FUNDING, LLC, | : |
| Relief Defendants | : |

---

**REPLY OF HARTFORD LIFE AND ANNUITY INSURANCE COMPANY IN SUPPORT OF ITS MOTION FOR PERMISSION TO FILE A DECLARATORY JUDGMENT ACTION REGARDING THE VALIDITY OF THE INSURANCE POLICY ISSUED ON THE LIFE OF BARBARA YASINSKI**

### I.   INTRODUCTION

In opposing Hartford Life and Annuity Insurance Company's ("Hartford's") Motion for Permission to File a Declaratory Judgment Action Regarding the Validity of the Insurance Policy Issued on the Life of Barbara Yasinski ("Motion for Leave"), H. Thomas Moran II, as receiver (the "Receiver") for the property and assets of the Defendant and Relief Defendants (the "Estate"), raises two arguments:  (1) that Hartford's complaint would be barred by the

contestable clause; and (2) because the Yasinski Policy[1] is no longer an asset of the Estate and the Estate has no interest in it, Hartford has no basis to assert a declaratory judgment action against the Receiver or the Estate. The Receiver's first point is factually and legally incorrect. It is unknown whether the Receiver's second point is true. If the Yasinski Policy is no longer an asset of the Estate, there is no reason for Hartford's Motion for Leave not to be granted, and this Court should be free to issue an Order that Hartford is not prevented from pursuing an action to ascertain the validity of the Yasinski Policy.

Although Hartford contested the validity of the Yasinski Policy in its Motion for Leave prior to the November 13, 2009 expiration of the contestable period, the Receiver suggests the contestable period bars Hartford from pursuing this action. Even if Hartford's motion was filed after the contestable period expired (which it was not), this is not the appropriate forum for raising such a defense and certainly not a basis for denying Hartford the relief it seeks herein. However, even if the Court were to consider the merits of this argument in ruling on the Motion for Leave, the Receiver is wrong in his understanding of when the contestable period began to run (both under Florida law and the Yasinski Policy). This misunderstanding is readily apparent upon a review of the Receiver's argument and the document cited in support thereof. Contrary to the assertions of the Receiver, it is a policy's issue date (not policy date) which is relevant to the contestable period. While the Policy Date for the Yasinski Policy is October 19, 2007, the Date of Issue is November 13, 2007. Accordingly, Hartford's filing of its motion for leave, particularly in view of this Court's receivership order, was sufficient to initiate a contest of the Yasinski Policy within the contestable period.

Contrary to the Receiver's argument, this Court's October 29, 2009 Order Approving Sale of Certain Assets of the Receivership Estate to TDC LS Funding, LLC (the "October 29

---

[1] The "Yasinski Policy" refers to the Hartford-issued policy on the life of Barbara Yasinski.

Order") authorized the Receiver to complete the sale of the Yasinski Policy to TDC LS Funding, LLC ("TDC") but did not effectuate that sale (or the sale of the Yasinski Policy). Accordingly, absent evidence that the sale of the Yasinski Policy has been completed, the Receiver is properly presumed to be the owner of the Yasinski Policy and the party with an interest in any judicial declaration as to its validity. Moreover, if the Yasinski Policy is no longer among the Estate's assets, there is no reason for the Court not to issue an Order clarifying that Hartford may file an action, in a court of competent jurisdiction, seeking to challenge the validity of the Yasinski Policy.

For the reasons set forth in Hartford's Motion for Leave, as well as the additional reasons set forth below, this Court should grant Hartford leave to file a declaratory judgment action regarding the Yasinski Policy.

## II. ARGUMENT IN REPLY

### A. Hartford's Motion for Leave Was Filed Prior to the Expiration of the Contestable Period

In opposition to Hartford's Motion for Leave, the Receiver states that "the period during which [Hartford] must initiate a 'contest' under the Yasinski Policy's contestable clause . . . expired on or about October 19, 2009." *See* Receiver's Memorandum in Opposition to Motion of Hartford for Permission to File a Declaratory Judgment Action Regarding the Validity of the Insurance Policy Issued on the Life of Barbara Yasinski ("Receiver's Opposition"), Doc. No. 111, p. 2, fn. 1. Even if the Receiver's argument was factually and legally supported – which it is not – this is the wrong forum to raise this argument. The expiration of a policy's constable period – which did not occur here – would properly be raised (if supported by the fact and law) as a defense to an action challenging that policy's validity. Accordingly, in the event the contestable period is to be raised as a potential defense to an action initiated by Hartford

3

challenging the Yasinski Policy, that defense would not be properly raised until after Hartford is permitted to file the declaratory judgment action it seeks to file. However, even if the Court were to consider the merits of this argument on this motion, Hartford has initiated a contest of the Yasinski Policy during its contestable period.

Virtually all states require that a life insurance policy contain a clause setting forth a "contestable" period. During this contestable period, an insurer may investigate statements made in the application for the policy and, if necessary, take action to challenge the validity of the policy. After the expiration of the contestable period, the policy becomes incontestable, and generally the insurer may no longer challenge the policy based on statements in the application. For example, Florida[2] law requires all life insurance policies to provide for a two-year period of contestability:

> Every insurance contract shall provide that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of 2 years from its date of *issue* except for nonpayment of premiums and except, at the option of the insurer, as to provisions relative to benefits in event of disability and as to provisions which grant additional insurance specifically against death by accident or accidental means.

Fla. Stat. Ann. § 627.455 (emphasis added). Pursuant to this statute, as well as the language in the Yasinski Policy itself,[3] Hartford has two years from policy issuance (here November 13, 2007) within which to challenge the validity of the policy "either by affirmative or defensive action taken in court within the period named in the contract." *Prudential Ins. Co. v. Prescott*, 115 Fla. 365, 376 (Fla. 1934).

---

[2] The insured, Barbara Yasinski, to whom the Yasinski Policy was issued, was a resident of the State of Florida at all times relevant hereto.

[3] The Yasinski Policy provides: "We cannot contest the Policy after it has been in force, during the Insured's lifetime, for 2 years from its *Date of Issue*, except for non-payment of premium." *See* Endorsement to Yasinski Policy (emphasis added), a true and correct copy of which is attached as Exhibit A to the Affidavit of Katherine L. Villanueva (the "Villanueva Aff."), filed in support of this Reply.

4

The Receiver argues that Hartford's motion for leave was filed after the contestable period expired because an "Annual Statement indicates that the Yasinski Policy was issued on October 19, 2007 . . . the contestable period expired on or about October 19, 2009." *See* Receiver's Opposition, p. 2, fn. 1 and Exhibit A. One need look no further than the exhibit relied upon by the Receiver to see the flaw in his argument. As indicated on that exhibit, the *Policy Date* of the Yasinski Policy is October 19, 2007 (emphasis added). As indicated above, however, it is a policy's issue date – not policy date – that is relevant in determining the contestable period. The Date of Issue for the Yasinski Policy is November 13, 2007,[4] not October 19, 2007. Accordingly, the filing of the Motion for Leave on November 12, 2009 was a sufficient contest to the Yasinski Policy during the time period when the policy was still contestable.[5]

---

[4] Attached as Exhibit B to the Villanueva Aff. is a true and correct copy of the Policy Specification pages for the Yasinski Policy. As indicated on Page 3 of the Policy Specification, the Date of Issue is November 13, 2007 and the Policy Date is October 19, 2007. Indeed, it is not uncommon, as was in this case, that the insured contracted for a Policy Date prior to the Date of Issue.

[5] To the extent the record owner of the Yasinski Policy may question whether the Yasinski Policy was properly contested during the contestable period, it should also be noted that Hartford's filing of the Motion for Leave is sufficient to contest the Yasinski Policy within the contestable period. Over the years, a majority rule has emerged that in order to contest a policy "some affirmative or defensive action must be taken in court to cancel the policy or prevent its enforcement." *See* 95 A.L.R.2d 420, § 2 (2008); *see also Killian v. Metropolitan Life Insurance Company*, 166 N.E. 44 (N.Y 1929) (The Court held that mere notice is not sufficient, and that an effective contest requires an invoking of the powers of the courts). In many jurisdictions, it has been held that steps short of court action, such as denial of liability, refusal to pay, repudiation of the policy, notice of cancellation or rescission, or tender of premiums paid, do not constitute a contest within the meaning of the contestable clause. *See Jefferson Standard Life Ins. Co. v. McIntyre*, 294 F. 886 (5th Cir. 1923) ("mere denial or repudiation by an insurer of its liability under a policy, accompanied by a tender of the premium paid, is not a contest"); *Prudential Ins. Co. v. Prescott*, 115 Fla. 365 (1934) ("contest in court by some sort of litigation and not a mere protest against payment"); *Densby v. Acacia Mut. Life Ass'n*, 64 App. D.C. 319 (D.C. 1935) ("clause in a life policy making it incontestable after one year imports a contest by litigation, and hence a mere notice of repudiation of the policy and tender back of premiums paid within the year is not such a contest") (citation omitted); *Priest v. Kansas City Life Ins. Co.*, 119 Kan. 23, 27 (Kan. 1925) ("clause declaring a policy incontestable after a stated time refers to a contest in court – by litigation – and not to a mere protest, offer to rescind, or notice of a claim of invalidity"). Here, however, Hartford went beyond mere repudiation or notice and has invoked judicial process to effect the contest of the Yasinski Policy. Moreover, the only reason Hartford did not file a complaint within the two-year contestable period was because of the April 14, 2009 Order Appointing Receiver (the "April 14 Order"), which can be read as instructing Hartford and other insurers to seek leave prior to filing such an action. *See* April 14 Order, at ¶ IV. Hartford should not later be penalized for following this Court's order.

**B.     Hartford Has Properly Filed Its Motion for Leave in These Proceedings**

The Receiver's second argument for opposing Hartford's motion for leave is that "Hartford has no basis to assert a declaratory judgment action against the Receiver or the Estate because the Yasinski Policy is no longer an asset of the Estate and the Estate has no interest in it." *See* Receiver's Opposition, p. 3. The Receiver erroneously argues that when this Court issued the October 29 Order approving the sale of several life insurance policies (including the Yasinski Policy), the Court also ordered "all right, title and interest of the Receiver in and to the Policies" transferred to TDC. *See id.* In doing so, the receiver clearly misrepresents the meaning of the Court's October 29 Order.

On October 8, 2009, the Receiver filed a Motion and Brief in Support for an Order Approving the Sale of Certain Policies of the Receivership Estate to TDC LS Funding, LLC (the "Sale Motion"), Doc. No. 77. The Sale Motion sought an Order that "*authorizes* the Receiver to take all necessary action to carry [the Purchase Agreement for the policies] into effect" and "*authorizes* the sale of certain life insurance policies in the Estate…" *See* October 29 Order, p. 2 (emphasis added). Accordingly, the October 29 Order merely *authorized* the sale of the policies; it did not effectuate the sale as suggested by the Receiver.

This point is underscored elsewhere in the October 29 Order, which provides, *inter alia*, that:

- The Receiver *may* sell the Policies to Buyer. . .;

- *As of the Closing Date*,[6] the transfer of the Policies to Buyer will be a legal, valid and effective transfer of the Policies. . .;

- . . . as of the Closing Date, the transfer of the Policies to Buyer will vest Buyer with all of the Receiver's rights. . .;

---

[6] According to the October 29 Order, the Closing Date, which is not defined within the text of the Order, has "the same meaning as set forth in the Purchase Agreement" (which is not publicly available or known to Hartford).

6

- The Receiver (i) *has full power and authority to execute* the Purchase Agreement and any other documents contemplated thereby, (ii) *has all power and authority necessary to consummate* the transactions contemplated by the Purchase Agreement. . .;

- The Receiver is authorized and empowered to take any and all actions necessary or appropriate to (i) perform the obligations under and comply with the terms of the Purchase Agreement *and consummate the Sale of the Policies* . . . (ii) *close the Sale as contemplated* in the Purchase Agreement and this Order, and (iii) execute and deliver, and perform under, *consummate and implement* the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale. . .; and

- The Receiver is *authorized* to transfer the Policies in accordance with the terms of the Purchase Agreement on the Closing Date. The Policies shall be transferred to Buyer *upon consummation of the Purchase Agreement*. . .

*See* October 29 Order, ¶¶ L., O., P., 4., and 6 (emphasis added). Accordingly, it is clear from its text that the October 29 Order did not effectuate the sale and as argued by the Receiver; rather, it merely authorized the Receiver to proceed with the sale as requested.

The Receiver has not provided this Court or Hartford with any evidence that the sale of the Yasinski Policy has been closed and the policy's ownership has been transferred. Indeed, the last communication Hartford received from the Receiver in connection with the ownership of the Yasinski Policy was the change of Ownership and Beneficiary Request dated August 18, 2009 seeking to transfer the ownership of, and change the beneficiary of, the Yasinski Policy *to the Receiver* (emphasis added).

In the event the sale of the Yasinski Policy has been completed and the Yasinski Policy is no longer among the Estate's assets, there is no reason for this Court not to grant Hartford the relief it seeks. Accordingly, this Court is free to issue an order providing that Hartford may file, in a court of competent jurisdiction, a complaint seeking a declaration as to the validity of the Yasinski Policy (naming as defendant(s) the policy owner of record and any other party with a

7

legal interest in the policy's validity). In the event the sale of the Yasinski Policy has not been completed, the Receiver remains the record owner of the Yasinski Policy until a subsequent change of ownership is received and recorded by Hartford. Accordingly, Hartford must name the Receiver as a party to any declaratory judgment action regarding the validity of the Yasinski Policy, and should, therefore, be permitted to commence the proposed action against the Receiver.[7]

### III. CONCLUSION

For the foregoing reasons, Hartford respectfully requests that this Court grant Hartford permission to file declaratory judgment actions concerning the validity of the Yasinski Policy.

**DRINKER BIDDLE & REATH LLP**

Dated: December 11, 2009   By: /s/ Katherine L. Villanueva

Katherine L. Villanueva (KV5283)
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (telephone)
(215) 988-2757 (facsimile)
katherine.villanueva@dbr.com

*Of Counsel:*
Jason P. Gosselin (*pro hac vice* application to be filed)
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2535
(215) 988-2757 (facsimile)

*Attorneys for Hartford Life and Insurance Company*

---

[7] In the event the sale of the Yasinski Policy is completed and the policy's ownership is subsequently changed, the new owner (presumably TDC) can be later substituted as a defendant in any action brought by Hartford against the Receiver regarding the Yasinski Policy.

8